[Cite as *Kile v. Ohio Dept. of Transp.*, 2010-Ohio-4957.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK KILE

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-01719-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jack Kile, filed this action against defendant, Department of Transportation (ODOT), contending that his 2001 Ford F-150 truck was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining a hazardous condition on State Route 252 in Lorain County. Specifically, plaintiff claimed the left rear tire on his truck was punctured by a dislodged raised pavement marker (RPM or reflector) "south on State Route 252 just south of Sprauge Rd." Plaintiff recalled the damage incident occurred on January 7, 2010 at approximately 2:30 p.m. Plaintiff submitted photographs depicting the damage-causing RPM and a section of roadway area where an RPM was missing. The photographs were dated January 7, 2010. Plaintiff requested damage recovery of $215.27, an amount representing the cost of a replacement tire. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose road reflector on State Route 252 prior to plaintiff's property damage occurrence. Defendant denied receiving any calls or

complaints from any entity regarding a loose road reflector "prior to plaintiff's incident." Defendant argued plaintiff failed to produce any evidence to establish the length of time the RPM was dislodged from the roadway prior to his January 7, 2010 damage event. Defendant explained the location of the reflector would correspond to "approximately milepost 5.42 on SR 252 in Lorain County." Defendant suggested, "the debris (reflector) existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer evidence to prove his property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged ODOT crews conducted snow plowing activities on roads in Lorain County throughout the month of January 2010, including January 1, January 2, January 3, January 4, January 5, January 6, and January 7, 2010. State Route 252 was included in the snow plowing activity. Defendant seemingly argued that if this court finds ODOT snow plowing uprooted the pavement marker and proximately caused plaintiff's property damage, ODOT should be immune from liability. Defendant further argued that snow plowing that results in hazardous conditions such as loose road reflectors being deposited on the roadway "was necessary and reasonable for the safety of the traveling public and done in a manner consistent with normal standards." Defendant stated R.C. 5501.41[1] grants ODOT "the right to remove ice and snow from state highways and the authority to do whatever is necessary to conduct such removal activities." Defendant related, "assuming that a snowplow of Defendant did cause the raised pavement marker to become dislodged, Defendant contends that it is given statutory authority to do whatever is reasonable and necessary to remove snow." Contrary to defendant's argument concerning "whatever is reasonable and necessary," the court finds it is neither reasonable or necessary to create a dangerous roadway hazard while in the course of performing snow removal activities. *Wertz v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-11656-AD, 2009-Ohio-6605.

---

[1] R.C. 5501.41 covering DOT's discretionary authority to remove snow and ice states:

"The director of transportation may remove snow and ice from state highways, purchase the necessary equipment including snow fences, employ the necessary labor, and make all contracts necessary to enable such removal. The director may remove snow and ice from the state highways within municipal corporations, but before doing so he must obtain the consent of the legislative authority of such municipal corporation. The board of county commissioners of county highways, and the board of township trustees on township roads, shall have the same authority to purchase equipment for the

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden. Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has the duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD.

{¶ 6} Ordinarily in a claim involving roadway defects, plaintiff must prove either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof defendant had actual notice or constructive notice of the raised pavement marker despite the fact ODOT crews were in the area on January 7, 2010.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff

removal of and to remove snow and ice as the director has on the state highway system."

must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Evidence is inconclusive whether or not the damage-causing pavement marker was originally dislodged from the roadway be defendant's personnel.

{¶ 8} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 9} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing reflector was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

{¶ 10} Finally, plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the dislodged reflector.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACK KILE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01719-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jack Kile                                        Jolene M. Molitoris, Director

25105 Crosstie Trail
Columbia Station, Ohio  44028

RDK/laa
5/20
Filed 6/11/10
Sent to S.C. reporter 10/11/10

Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223